# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN LEE O'DONNELL,

        Petitioner,                        Case Number: 05-CV-60278

v.                                               HON. JOHN CORBETT O'MEARA

LINDA METRISH,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Petitioner John L. O'Donnell, a state inmate currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Now before the Court is Respondent's Motion to Dismiss on the ground that the petition was not timely filed. The Court concludes that Petitioner failed to file his petition within the applicable limitations period and shall, therefore, grant the motion.

**I.**

Following a jury trial in Cheboygan County Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct (CSC I) and two counts of second-degree criminal sexual conduct (CSC II). On October 27, 1992, he was sentenced to twenty-five to forty years imprisonment for the CSC I convictions and ten to fifteen years imprisonment for the CSC II convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed the convictions. People v. O'Donnell, No. 158350 (Mich. Ct. App. July 28, 1995). Petitioner did not seek leave to appeal in the Michigan Supreme Court. *See* Affidavit of

Corbin R. Davis, Clerk, Michigan Supreme Court, June 6, 2006.

On May 22, 1997, Petitioner filed a motion for new trial in the Cheboygan County Circuit Court. The motion was denied on May 29, 1997. People v. O'Donnell, No. 92-791 (Cheboygan County Circuit Court May 29, 1997). Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court, both of which were denied. People v. O'Donnell, No. 204910 (Mich. Ct. App. June 11, 1998); People v. O'Donnell, 459 Mich. 941 (Mich. Jan. 26, 1999).

On April 13, 2004, Petitioner filed a motion for relief from judgment in the trial court, which was denied. People v. O'Donnell, No. 92-791 (Cheboygan County Circuit Court July 9, 2004). Petitioner then filed an "Application for Leave to File Delayed Motion for New Trial" in the trial court, which was also denied. People v. O'Donnell, No. 92-791 (Cheboygan County Circuit Court Oct. 29, 2004). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal and denied Petitioner's subsequent motion for reconsideration. People v. O'Donnell, No. 259310 (Mich. Ct. App. Dec. 10, 2004, Jan. 14, 2004). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on October 31, 2005. People v. O'Donnell, 474 Mich. 898 (Mich. 2005).

On November 29, 2005, Petitioner filed the pending petition for a writ of habeas corpus.

## II.

Respondent has filed a Motion to Dismiss for Failure to Comply with the Statute of Limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." 28 U.S.C. (d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999).

In addition, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom.* Caruso v. Abela, 124 S. Ct. 2388 (May 24, 2004).

In the pending case, Petitioner appealed his convictions to the Michigan Court of Appeals, which issued an opinion affirming his convictions on July 28, 1995. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, September 22, 1995. *See* Redmond v. Jackson, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); Brown v. McKee, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). Because Petitioner's conviction became final prior to the AEDPA's effective date, the

one-year limitations period commenced on April 24, 1996, when the AEDPA became effective. The one-year limitations period continued to run, uninterrupted, until it expired on April 24, 1997. The filing of Petitioner's motion for relief from judgment on May 22, 1997, did not serve to statutorily toll the limitations period because the limitations period already had expired.

Petitioner argues that the limitations period should be equitably tolled for two reasons. First, he lacked access to his trial court transcripts because his attorney delayed several months in forwarding them to Petitioner. Second, Petitioner gave his legal materials to a prisoner-paralegal who was abruptly transferred to another facility in October 1997. The prisoner-paralegal was unable to return the legal documents to Petitioner until December 2003.

The Sixth Circuit Court of Appeals has identified the following five factors to be considered in determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Dunlap v. U.S., 250 F.3d 1001, 1008 (2001).

An essential component of the doctrine of equitable tolling is a petitioner's diligent pursuit of federal habeas relief. *See, e.g.,* Huey v. Smith, 199 Fed. Appx. 498 (6th Cir. Oct. 6, 2006); Morgan v. Money, 2000 WL 178421 (6th Cir. Feb. 8, 2000) (holding that a petitioner must show that he exercised due diligence in pursuing § 2254 relief to support equitable tolling). *See also* Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000) (holding that petitioner "did not meet the high threshold for obtaining [equitable tolling] because he did not act diligently to pursue his ineffective assistance of appellate counsel claim in either state or federal court").

4

First, Petitioner claims that his attorney delayed several months in providing him with copies of his trial court transcripts.  Given that Petitioner's direct appeal concluded in September 1995, and the limitations period did not commence until April 24, 1996, the Court finds that this delay should not have impeded Petitioner in his attempt to file a timely habeas petition.

Second, Petitioner claims that the limitations period should be equitably tolled for the six-year period from October 1997 through December 2003, when he was unable to obtain his legal documents from a prisoner-paralegal who had been transferred to a different facility.  Even assuming that the limitations period should be tolled during that time period, the petition is still untimely.  The limitations period commenced on April 24, 1996, and expired on April 24, 1997.  The one-year limitations period expired prior to the prisoner-paralegal's transfer, and, consequently, the transfer did not impact the timeliness of the petition.

The Court concludes that Petitioner is not entitled to equitable tolling of the limitations period for his attorney's several months delay in providing transcripts.  In addition, the Court concludes that the prisoner-paralegal's transfer and Petitioner's resulting difficulty in obtaining his legal materials did not cause the petition to be untimely because the limitations period already had expired.

### III.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

    s/John Corbett O'Meara
    United States District Judge

Dated:  January 29, 2007

5

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 29, 2007, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager